UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELIX NKANSAH, | : |
| Petitioner, | : Civ. No. 15-2678 (KM) |
| v. | : **MEMORANDUM AND ORDER** |
| OSCAR AVILES, | : |
| Respondent. | : |

The petitioner, Felix Nkansah, is an immigration detainee at the Hudson County Correctional Center in Kearny, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to § 2241.

Mr. Nkansah first challenges his current immigration detention. "Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal." *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (per curiam) (citing *Demore v. Kim*, 538 U.S. 510, 517-18 (2003)); *see also Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 226 (3d Cir. 2011). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened Mr. Nkansah's immigration detention issue for dismissal and determined that dismissal without an answer and the record on this issue is not warranted. In addition to any arguments that respondent may make in the answer, respondent shall specifically address what impact, if any, *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015), has on Mr. Nkansah's immigration detention claim.

Mr. Nkansah's also claims that officials have been deliberately indifferent to his serious medical needs. He asserts that he complained about a serious ear infection, but that it went

untreated for four months. Additionally, he also seeks this Court's relief so that money can be transferred from his prison account to his family.

"The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so[.]" *McGee v. Martinez*, 627 F.3d 933, 935 93d Cir. 2010). "In contrast, 'when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action under § 1983 is appropriate.'" *Id.* (quoting *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)).

In this case, Mr. Nkansah's deliberate indifference and money claims concern the conditions of his confinement. Thus, these claims are not cognizable under § 2241 and will be dismissed without prejudice in the event that Mr. Nkansah elects to raise them in a civil rights complaint. *Accord Brown v. Warden Lewisburg USP*, No. 14-3588, 2015 WL 2114401, at *1 (3d Cir. May 7, 2015) (affirming district court's determination that claims concerning conditions of confinement are not cognizable under § 2241); *Williams v. Sec. Pa. Dep't of Corr.*, 459 F. App'x 87, 89 (3d Cir. 2012) (per curiam) (affirming district court's dismissal of habeas petition where prisoners raised conditions of confinement claims).

Accordingly, IT IS this 15th day of May, 2015,

ORDERED that petitioner's deliberate indifference to a serious medical need claim and his money transfer claim are summarily dismissed without prejudice as they are not cognizable under 28 U.S.C. § 2241; and it is further

ORDERED that the Clerk shall serve a copy of the petition (Dkt. No. 1) and this Order upon respondent Aviles by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk shall forward a copy of the petition (Dkt. No. 1.) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

ORDERED that within thirty (30) days of the date of the entry of this Order, respondent shall file and serve an answer which responds to the allegations and grounds in the petition and which includes all affirmative defenses respondent seeks to invoke, in addition to any other arguments respondent may make, the answer shall specifically address what impact, if any, *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015) has on this case; and it is further

ORDERED that respondent shall file and serve with the answer certified copies of all documents necessary to resolve petitioner's claim(s) and affirmative defenses; and it is further

ORDERED that within thirty (30) days of receipt of the answer, petitioner may file a reply to the answer; and it is further

ORDERED that within seven (7) days of petitioner's release, by parole or otherwise, respondent shall electronically file a written notice of the same with the Clerk.

KEVIN MCNULTY
United States District Judge