## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FELIX NKANSAH, | : | |
| | : | |
| Petitioner, | : | Civ. No. 15-2678 (KM) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| OSCAR AVILES, | : | |
| | : | |
| Respondent. | : | |

**KEVIN MCNULTY, U.S.D.J.**

### I.      INTRODUCTION

The petitioner, Felix Nkansah, is an immigration detainee at the Hudson County Correctional Center in Kearny, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied without prejudice.

### II.      BACKGROUND

Mr. Nkansah states that he has been in immigration detention since December 17, 2014. The habeas petition raises two sets of claims. First, Mr. Nkansah asserts that his continued immigration detention is unlawful and seeks release. Second, Mr. Nkansah challenges the conditions of his confinement, claiming that he has been denied adequate medical care for a serious ear infection and has been prevented from sending money to ailing family members.

The respondent was ordered to file an answer to the habeas petition. On June 9, 2015, this Court received a letter from respondent, along with accompanying documentation that Mr. Nkansah has now been ordered removed from the United States by the Immigration Judge ("IJ"). Additionally, respondent notes that Mr. Nkansah has waived his right to appeal the IJ's order of

removal. Respondent argues that the IJ's decision and Mr. Nkansah's waiver of his appeal rights
moot this habeas petition.

### III.    DISCUSSION

A. <u>Pre-Order Removal Detention</u>

The Attorney General has the authority to detain aliens in removal proceedings before the
issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien
before an order of removal has been entered is governed by Section 1226 of Title 8 of the United
States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a
decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be
> arrested and detained pending a decision on whether the alien is to
> be removed from the United States. Except as provided in
> subsection (c) of this section and pending such decision, the
> Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and
> containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section
1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense
> covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense
> covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this
> title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the
> basis of an offense for which the alien has been sentence to a term
> of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or
> deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is
> release on parole, supervised release, or probation, and without

> regard to whether the alien may be arrested or imprisoned again for
> the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit
> limitation on reasonableness: the statute authorizes only mandatory
> detention that is reasonable in length. After that, § 1226(c) yields
> to the constitutional requirement that there be a further,
> individualized, inquiry into whether continued detention is
> necessary to carry out the statute's purpose.... Should the length of
> [an alien's] detention become unreasonable, the Government must
> justify its continued authority to detain him at a hearing at which it
> bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention, beyond which petitioner would be entitled to a hearing. *See id.* at 234; *see also Carter v. Aviles,* No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan.30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.,* 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano,* No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov.26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop,* 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'"

*Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop*, 656 F.3d at 232, 234). Indeed, in *Chavez-Alvarez*, the Third Circuit noted with respect to the circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties outweighed any justification to detain the petitioner without a bond hearing. *See id.* at 478.

This Court need not engage in a *Diop/Chavez-Alvarez* analysis at this time. As respondent notes, an IJ ordered Mr. Nkansah removed on May 27, 2015, and Mr. Nkansah waived his appellate rights. Accordingly, Mr. Nkansah is no longer in pre-order removal immigration detention, but is now in post-order removal immigration detention. *See* 8 C.F.R. § 1241.1(b) (a final order of removal becomes final when a respondent waives his right to appeal). Therefore, the analysis under *Diop/Chavez-Alvarez* is no longer applicable to Mr. Nkansah's case.

A pre-removal detention challenge, as the respondent says, is moot. But that does not end the Court's analysis; post-removal detention, like pre-removal detention, can become excessive at some point. Respondent's mootness argument also fails to consider Mr. Nkansah's claim that he is being denied adequate medical care and that he should be allowed to send money to his family while in immigration detention. I therefore consider the non-mooted issues.

B. Post-Order Removal Detention

Title 8, United States Code, Section 1231(a)(1)(A), states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a). Section 1231(a)(2) requires that the alien be detained during the ninety day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 689. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of United States,* 495 F. App'x 274, 276–77 (3d Cir.2012) (per curiam) (citing *Zadvydas,* 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas,* 533 U.S. at 701.

Mr. Nkansah is not now entitled to federal habeas relief; he has been in post- removal-order detention for a little over one month. He therefore is still within the ninety-day mandatory immigration detention period of 8 U.S.C. § 1231(a)(2). And he is of course within the presumptively reasonable six-month period of post- removal-order immigration detention set forth in *Zadvydas*.

Mr. Nkansah's challenge to his post-removal-order immigration detention is therefore premature and will be denied without prejudice. *Accord Grossett v. Muller*, No. 13-0364, 2013 WL 6582944, at *3 (D.N.J. Dec. 13, 2013) (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period); *Abdou v. Elwood*, No. 12-7720, 2013 WL 1405774, at *4 (D.N.J. Apr. 4, 2013) (same). Should the United States fail to execute the order of removal within a reasonable time, such a claim may be reasserted.

C. Denial of Adequate Medical Care and Transfer of Money

Mr. Nkansah also asserts in his habeas petition that he has been denied adequate medical care for his ear infection, and that he has been prevented from transferring money to his family.

Both claims relate to the conditions of his confinement at the Hudson County Correctional Center. Such conditions-of-confinement claims are appropriately brought in a civil rights action under 42 U.S.C. § 1983, not appended to a habeas petition under 28 U.S.C. § 2241. *See Woodruff v. Williamson,* 362 F. App'x 263, 266 (3d Cir.2010) (per curiam); *see also Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir.2002) ("[W]henever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement, such that a finding in plaintiff's failure would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

Mr. Nkansah's claims relating to medical care and the transfer of funds will therefore be dismissed without prejudice. *Accord Brown v. Warden Lewisburg USP*, 601 F. App'x 85, 86 (3d Cir. 2015) (per curiam) (finding district court properly dismissed habeas petition where petitioner raised claims associated with his conditions of confinement since they are not cognizable habeas claims). Mr. Nkansah has already filed a civil rights complaint that alleges some of the issues he raises in this habeas petition. *See* Civ. No. 15-3277. To the extent the medical and money transfer claims are legitimate, they might be asserted there.

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition is denied without prejudice. An appropriate order will be entered.

Dated: July 2, 2015

KEVIN MCNULTY
United States District Judge