UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FELIX NKANSAH,

    Petitioner,      Civ. No. 15-2678 (KM)

v.

     **OPINION**

OSCAR AVILES,

    Respondent.

**KEVIN MCNULTY, U.S.D.J.**

### I.     INTRODUCTION

Petitioner, Felix Nkansah, is an immigration detainee currently detained at the Hudson County Correctional Center in Kearny, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 2, 2015, this Court denied Mr. Nkansah's habeas petition without prejudice. Subsequently, the respondent filed a request to stay these proceedings. Additionally, Mr. Nkansah filed documents which, for the reasons described *infra*, this Court is treating as a request for reconsideration of the July 2, 2015 Opinion and Order. Finally, Mr. Nkansah filed a motion for stay of removal. The Clerk will be ordered to reopen this case so that these matters can be addressed. For the following reasons, respondent's request to stay this action will be denied; his request for reconsideration is denied; and his motion to stay removal will be denied without prejudice because this Court lacks jurisdiction.

### II.     BACKGROUND

Mr. Nkansah challenged his immigration detention in his § 2241 habeas petition. On July 2, 2015, this Court denied the habeas petition without prejudice. First, this Court determined that, because an Immigration Judge had ordered Mr. Nkansah's removal on May 27, 2015, he was no

longer in pre-removal order immigration detention. (*See* Dkt. 6 at p. 4; Dkt. No. 3-2 at p. 2.) The IJ's order of removal specifically noted that Mr. Nkansah had waived his appeal rights. (*See id.*) Because of that waiver of appeal, Mr. Nkansah's order of removal was deemed final. *See* 8 C.F.R. § 1241.1(b) (a final order or removal becomes final when a respondent waives his right to appeal). Thus I found petitioner's challenge to pre-removal-order detention to be moot.

I also considered whether Mr. Nkansah would be entitled to habeas relief on his post-removal-order immigration detention. I found any such challenge to be premature, because the petitioner had been in post-removal-order detention for about two months. (*See* Dkt. No. 6 at p. 6.) That relatively short detention did not run afoul of *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Accordingly, the habeas petition was denied without prejudice.[1]

On July 8, 2015, this Court received a letter from respondent stating that Mr. Nkansah, despite his reported waiver of appeal, had filed a notice of appeal from the IJ's order of removal. The notice of appeal had been received by the Board of Immigration Appeals ("BIA") on June 29, 2015. (*See* Dkt. No. 8-1.) The respondent requested a thirty-day stay of all proceedings in this case in light of Mr. Nkansah's appeal to the BIA.

This clerk received a letter from Mr. Nkansah on July 16, 2015 (entered by the Clerk on July 22, 2015). (*See* Dkt. No. 10.) In that letter, Mr. Nkansah states that he never waived his appeal rights. Mr. Nkansah requests in his filing that this Court grant his habeas petition. (*See id.* at p. 3.) Enclosed is a second habeas petition which requests his immediate release from immigration detention. (*See* Dkt. No. 10-1 at p. 6.)

---

[1] Mr. Nkansah's petition also included a conditions-of-confinement claim. I denied it, finding that it was not properly brought in a § 2241 habeas petition, and could be asserted in a parallel civil rights action under 42 U.S.C. § 1983. (*See* Dkt. No. 6 at p. 7.)

2

On July 17, 2015, the Court received a letter from Mr. Nkansah in which he states that the pendency of his appeal from the order of removal restores him to pre-removal-order status. (*See* Dkt. No. 9.)

On July 20, 2015, the Court received from Mr. Nkansah a request for an extension of time to respond to the respondent's request for a thirty-day stay. (*See* Dkt. No. 11.)

On July 27, 2015, this Court received from Mr. Nkansah a motion to stay his removal. (*See* Dkt. No. 12.)

On August 3, 2015, this Court received another letter from Mr. Nkansah. (*See* Dkt. No. 13.) The letter encloses the briefing schedule on Mr. Nkansah's appeal. (*See id.* at p. 3-4). The parties are given until August 11, 2015 to submit their briefs to the BIA. (*Id.* at p. 3.)

### III.   DISCUSSION

A. <u>Respondent's Request for a Stay & Mr. Nkansah's Request for an Extension of Time to Respond to the Stay Request</u>

This matter was closed when the Court denied Mr. Nkansah's habeas petition without prejudice on July 2, 2015. (*See* Dkt. Nos. 6 & 7.) It was not until July 8, 2015, that respondent requested that this Court stay the case. At that time, there was nothing left to stay. If considered in relation to Mr. Nkansah's subsequent filings (*see infra*), the stay would nevertheless be denied. Mr. Nkansah essentially seeks a clarification of the basis of my earlier decision, citing matters not then before the Court. There is no good reason to delay such a decision.

Therefore, respondent's request for a stay will be denied, and Mr. Nkansah's request for an extension of time to respond to the stay request will be denied as moot.

<u>Mr. Nkansah's July 16, 2015 & July 17, 2015 Filings</u>

In Mr. Nkansah's letters filed with this Court on July 16 and July 17, 2015 (*see* Dkt. Nos. 9 & 10), he asserts that he never waived his right to appeal from the IJ's order of removal. He

attaches a copy of his appeal of his removal order to the BIA. The pendency of a valid appeal, he says, implies that he remains in pre-removal-order immigration detention.

Part of the basis of my July 2, 2015, decision was the Immigration Judge's statement that Mr. Nkansah had waived appeal and hence was no longer in pre-removal-order detention. I will therefore construe Mr. Nkansah's filings as a request for reconsideration of my July 2, 2015 denial of his habeas petition without prejudice.

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). To succeed on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

The filing of Mr. Nkansah's appeal, although it occurred three days before I filed my decision, was not brought to the Court's attention until afterward. In that sense it could be considered "new evidence." But it is not evidence that requires a different decision.

Mr. Nkansah's filing of an appeal does not, in and of itself, vacate a prior waiver of appeal as found by the IJ in the removal order. The order of the IJ that states that Mr. Nkansah waived his appellate rights remains in effect unless and until it is reversed by the BIA or the United States Court of Appeals for the Third Circuit. Unless and until that occurs, Mr. Nkansah's

waiver, and his order of removal, remain "final." *See* 8 C.F.R. § 1241.1(b) (order of removal becomes final upon waiver of appeal). And Mr. Nkansah remains in post-removal-order immigration detention until such time as the removal order containing the waiver is reversed. *See Theodoropoulos v. I.N.S.*, 358 F.3d 162, 169 (2d Cir. 2004) ("Having determined that there was a waiver, we further conclude that Theodoropoulos's subsequent effort to file a Notice of Appeal was without effect.") (citations omitted); *Lourghi v. Dep't of Homeland Sec.*, No. 03-4063, 2005 WL 1199058, at *3 (D.N.J. May 19, 2005) ("Where an alien waives his right to appeal to the BIA . . . any subsequent notice of appeal that he files is without effect because the decision of the IJ becomes final upon waiver of appeal.").

If there is to be such a reversal, it will not occur in this Court. Unlike a Court of Appeals, this Court lacks the power to review the order of removal that contains the waiver of appeal:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (the REAL ID Act). Accordingly, Mr. Nkansah's request for reconsideration will be denied.[2]

---

[2] Were I to reconsider my finding that pre-removal-order detention was moot, and perform the analysis of pre-removal-order detention, the result would not necessarily be different. At the time of my July 2, 2015 decision, Mr. Nkansah had been in detention for seven (now eight) months. Thus the period of detention is in the six-to-twelve month range in which the court's discretion operates. *See* July 2, 2015

B. Motion for Stay of Removal

Mr. Nkansah has also filed a motion for stay of removal. However, the REAL ID Act also strips this Court of jurisdiction to consider such a stay. *See* 8 U.S.C. § 1252(a)(5); *see also Chuva v. Att'y Gen. of United States*, 432 F. App'x 176, 177 (3d Cir. 2011) (concluding that the District Court correctly concluded that § 1252(a)(5) divests it of jurisdiction to consider a request for stay of removal). Therefore, the motion for stay of removal will be denied without prejudice. Such a stay must be sought from the BIA or the Court of Appeals.

## IV. CONCLUSION

For the foregoing reasons, respondent's request for a stay is denied. Mr. Nkansah's request for reconsideration of the July 2, 2015 Opinion and Order denying his habeas petition without prejudice is denied. Mr. Nkansah's motion for stay of removal is denied without prejudice. An appropriate Order will be entered.

Dated: August 5, 2015

_____
KEVIN MCNULTY
United States District Judge

---

decision, pp. 3-4, and authorities cited. Because the order of detention has been entered, and the appeal will be briefed within six days, a final order of detention appears imminent.